UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL No. 16-CR-01258-ABD |
| ) | |
| PAUL WEADICK, ) | |
|         Defendant ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RELEASE**

     The defendant has been indicted on 1 count of violation of 18 U.S.C. § 1512(a)(1)(C) 18 U.S.C. § 3142 allows that a criminal defendant may be detained pending trial only upon a determination that no condition, or combination of conditions, will reasonably assure the appearance of the person as required and the safety of any other person and the community. *United States v. Gray, 529 F.Supp.2d 177 (2007)* citing *United States v. Montalvo-Murillo, 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990).*

     The Government has moved for detention pursuant to the following provisions of 18 U.S.C. § 3142; (f)(1)(A) – crime of violence which carries a maximum term of prison of 10 years or more, (f)(2)(B) – crime carries maximum sentence of life in prison or death sentence, (f)(2)(A) a serious risk of person will flee, (f)(2)(B) – serious risk the person obstruct or attempt to obstruct justice by threats or intimidation of a witness.

*Biographical Background*

     The defendant is 61 years of age, married and father to a 12 year old daughter. Defendant was born and raised in Stoneham, Massachusetts and currently resides in Burlington with his wife and daughter. The defendant and his wife own their home and he works to support his family. The defendant is, for over fifteen (15) years, a licensed plumber, gas fitter and oil burner technician.

He is employed for the past eleven (11) years with Modica Associates as head of plumbing / heating and maintenance. The defendant is responsible for the daily maintenance and plumbing repairs for properties all over Boston and the greater Boston area.

The defendant has some convictions on his record but the last entry was in 1983, over 30 years ago. The defendant was convicted of manslaughter and was sentence to a term of 5 to 10 years. The defendant has not been arrested or charged with any crimes since his release around 1989.

*Danger to the Community*

In order to prevail in their attempt to detain a defendant based the defendant's danger to the community; the government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person or the community. *United States v. DiGiacomo*, at 18 U.S.C. § 3142(f). Also, the Government must make an individualized showing of dangerousness. *United States v. Patriarca, 948 F.2d 789 (1991)*

In rendering his decision in *DiGiacomo*, Judge Mark Wolf cited Judge Robert Keeton's 2 decision in *United States v. Phillips, 732 F.Supp. 255, (1990)*, acknowledging:

> Congress ... [chose] to use the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by conditions of release the community can *reasonably* be assured of its safety. *See United States v. Orta, 760 F.2d 887, 892 (8th Cir.1985)* (en banc).
> 
> *DiGiacomo*, 746 F.Supp 1176 at 1181 (1990)

In *DiGiacomo,* the Government sought to detain the defendants pending trial. The defendants were members of the Patriarca Crime Family of La Cosa Nostra. The defendants were indicted on charges including violations of the RICO laws, possession and distributing of narcotics, extortionate credit transactions, subornation of perjury, obstruction of justice and wire and mail fraud. The court acknowledged the defendants were charged with committing crimes of violence such as extortion and loan sharking. Also, the court noted that the defendants were members of a criminal enterprise (Mafia) that routinely engaged in violence, intimidation of witnesses, and murder in the regular

course of its illegal business. In addition, DiGiacomo was charged with attempting to obstruct justice by soliciting false testimony in connection with investigations concerning other individuals.

In denying that Government's request for detention, Judge Wolf reasoned that even though the defendants' Mafia membership inherently entailed dangerousness and a special risks of flight, "the court nevertheless must consider whether there is a combination of conditions which can reasonably protect against the danger posed, directly or indirectly, by the particular defendant and reasonably assure that individual's appearance in court." *DiGiacomo*, 746 F.Supp 1176 at 1182

Since his release from state custody in 1989 the defendant educated himself, obtained the professional licenses as described and has worked in his field for over 15 years.  In addition, he is married and raises a daughter with his wife.  Despite the 1982 conviction for manslaughter, the defendant has shown that he is a non-violent productive member of society and family man.  Since his release in 1989 there are no entries, but more importantly no allegations of any violent conduct, no restraining orders or anything that would indicate he is a danger to the community.

*Risk of Flight*

In analyzing risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings. The burden of persuasion remains with the Government on the question of flight risk. *DiGiacomo, 746 F.Supp 1176 at 746 (1990).*

The defendant was born and Stoneham and resides no in Burlington.  He has lived in Massachusetts his entire life and does not have the manner or means to flee and sustain flight. The defendant's strong ties to the community are anchored by his wife and 12 year old daughter, and buttressed by members of his extended family in the area.

The defendant was made aware in many years ago, at the time of Steven Desaro's disappearance, that he was suspected as being involved, but he chose not to flee.  Around 2003 when Stephen Flemmi implicated the defendant and Salemme in Desaro's murder, the defendant did not

3

flee. More recently in March of 2016 when the authorities discovered the remains of Desaro, members of the Massachusetts State Police went to the defendant's home and informed him "we found the body". However, once again the defendant did not flee. Lastly, even with news of the arrest of Francis Salemme a couple of weeks ago, the defendant did not flee. If the defendant was going to flee he had ample time and opportunity to do so. However, he did not.

Accordingly, the Government cannot show by a preponderance of the evidence that the defendant is a risk of flight and will not return to court and that there are not conditions that would assure his return to court.

*Proposed Conditions*

The defendant respectfully proposes that the following combination of conditions of release will reasonably assure the safety of the community and the defendant's appearance in court.

1. The defendant to post a $50,000.00 secured bond.
2. That he maintain his employment at Modica Associates.
3. Be fitted with a GPS monitoring bracelet.
4. Surrender Passport
5. Do not travel out of Massachusetts.
6. No contact with any known witness.

Respectfully Submitted,
Paul Weadick
By counsel

*/s/ Carmine P. Lepore*
Carmine P. Lepore
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151
(781) 286-8800
BBO# 564603

September 7, 2016

**CERTIFICATE OF SERVICE**

I, Carmine P. Lepore, hereby certify that the above document was filed through the Electronic Court Filing system and served on all registered participants on September 7, 2016.

*/s/ Carmine P. Lepore*